# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:11CV-200-H

**BRYAN KEITH TEW**                                                                                   **PLAINTIFF**

v.

**YAHOO, INC.** *et al.*                                                                         **DEFENDANTS**

## MEMORANDUM OPINION

Unrepresented by counsel, Plaintiff Bryan Keith Tew, who resides in Louisville, Kentucky, filed a complaint in this Court against approximately forty Defendants, consisting of various public entities, private companies, and one individual, from around the country, including California, Florida, Kentucky, Louisiana, Minnesota, Missouri, Ohio, and Tennessee. He paid the filing fee for this action. Upon review of the complaint, the Court will dismiss the action for lack of subject-matter jurisdiction.

## I.

Plaintiff claims that since September 1, 2006, "Defendants engaged in a Civil Conspiracy to harm me mentally and physically through Threats of Violence, Aggravated Stalking, Menacing, Intentional Infliction of Mental Anguish and Emotional Duress resulting in numerous nervous breakdowns and hospitalizations and even to deny me access to proper medical care." He contends:

> The FBI has used some type of electronic machine radiating device, to the present date of this letter, and has inflicted severe pain and suffering, agonizing pain headaches nausea dizziness, extremely high blood pressure and heart rate which resulted in repeated trips to and was verified by the emergency rooms I went to. It was maliciously done and designed to harm me physically and mentally which has most certainly occurred. In fact, as soon as I started typing this letter on my computer the pain increased dramatically. I then got up and quietly moved into the kitchen away from the living room and, after hearing someone walking and pushing things around the floor in the apartment above me, it started in the kitchen as well.

> Severe pain, and dizziness, ringing in my ears, nausea. I can barely draft this Complaint and that's exactly why the FBI above and next to me has turned up the whatever electronic harassment device they are using.

He additionally claims that Defendants have engaged in a "campaign to injure, oppress, threaten, and Intimidate" him by trying to frame him with other crimes, by attempting to prevent and thwart legal action, and by preventing him from receiving medical care. He reports possessing an audio recording of the FBI telling him he should drop or settle the suit and that as soon as the lawsuit ends the harassment will stop.

Plaintiff describes the various ways Defendants are conspiring with the FBI. For example, he alleges that the numerous Defendant hospitals and clinics conspired with the FBI by allowing that agency "to place recording devices, audio and video, in their hospital and clinics to listen in on and view that treatment so as to be able to manipulate [his] medical care." Plaintiff claims that every doctor's visit he has had for the last five years has been monitored and listened to by the FBI. Plaintiff additionally claims that other Defendants "broke into his hotel room apartment, home car and other property without permission and went through [his] things and deliberately damaged other property illegally placing listening devices in [his] car and home." Also, claims Plaintiff, Defendant Yahoo deliberately allowed the FBI to delete his emails and intercept communications; Defendant Salon Diversions deliberately messed up his hair each time he went there for a haircut, would angle the chair in such a manner as to inflict pain while he was at the salon, and would follow him around town, such as to the post office; and Defendant Best Buy actively helped the FBI by taking cameras off the shelf and pretending that no cameras were available and by deliberately selling him faulty cameras that did not work.

Plaintiff advises that he needs access to proper medical assistance and prevention of further pain and suffering caused by the "malicious and negligent acts" of Defendants. He additionally requests appointment of counsel and appointment of a guardian ad litem in this action.

## II.

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003). Because federal courts have no power to act without jurisdiction, "[t]he first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998), *abrogation on other grounds recognized by Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

Moreover, even though a plaintiff has paid the filing fee and without affording a plaintiff an opportunity to amend, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

# III.

## A. *Diversity of citizenship*

Plaintiff first asserts jurisdiction based on diversity of citizenship. Under the diversity statute, codified at 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." § 1332(a)(1). There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*). Here, Plaintiff fails to allege an amount-in-controversy exceeding $75,000, and by providing addresses in Kentucky for himself and several Defendants, he fails to demonstrate complete diversity of citizenship. Consequently, Plaintiff fails to demonstrate this Court's diversity jurisdiction.

## B. *FBI is Defendant*

Second, Plaintiff claims that the Court has jurisdiction to hear this case because the FBI, an organization of the Federal Government, is a Defendant. Presumably, he is asserting jurisdiction under 28 U.S.C. § 1346, which lists a district court's jurisdiction when the United States is a defendant. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff does not bring this action under any federal law where immunity has been waived. Thus, Plaintiff has not demonstrated jurisdiction on this basis.

## C. 18 U.S.C. §§ 241 and 242

Third, Plaintiff claims that this Court has jurisdiction to hear this case because Defendants violated 18 U.S.C. §§ 241 and 242. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all *civil* actions arising under the Constitution, laws, or treaties of the United States." § 1331 (emphasis added). Sections 241 and 242, however, are *criminal* statutes, which do not provide for a private right of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) ("[T]he district court properly dismissed Oguaju's claim pursuant to 18 U.S.C. §§ 241 or 242 because Oguaju has no private right of action under either of these criminal statutes."). Plaintiff, therefore, has failed to establish this Court's federal-question jurisdiction under § 1331.

## D. State statute

Plaintiff next claims that this Court has jurisdiction under Ky. Rev. Stat. Ann. § 454.210. That statute is entitled "Personal jurisdiction of [Kentucky] courts over nonresidents; process, how served; venue." State law, however, does not dictate the federal court's jurisdiction to hear cases. Thus, the Kentucky statute is inapplicable and provides no basis upon which to invoke this Court's jurisdiction.

## E. Physical impairment

Finally, Plaintiff contends that this Court has jurisdiction to hear this case because his physical impairment (a spinal cord injury causing very weak back and legs) would prevent him from getting around as well to other federal districts to pursue this lawsuit. This circumstance does not provide any jurisdictional basis for this Court to entertain Plaintiff's suit.

For the reasons set forth above, the Court will enter a separate Order dismissing this action for lack of subject-matter jurisdiction.

Date:

cc: Plaintiff, *pro se*
4412.005